HELEN G. ROPP, RESPONDENT, v. MOON BROTHERS MANUFACTURING COMPANY, A CORPORATION, AND T. H. MASTIN & COMPANY, APPELLANTS.—44 S. W. (2d) 888.

St. Louis Court of Appeals. Opinion filed January 5, 1932.

846

*Fordyce, Holliday & White* and *Paul S. Schmid* for appellants.

*B. W. La Tourette* for respondent.

SUTTON, C.—This is an action under the Workmen's Compensation Act (Chapter 28, R. S. 1929), for the recovery of compensation on account of an injury sustained by plaintiff while in the employ of defendant Moon Brothers Manufacturing Company, which company, at the time of plaintiff's injury, was insured against liability as an employer by defendant T. H. Mastin & Company. Plaintiff was operating a punch press at the time of her injury, which resulted in the loss of the index finger of the minor hand. The compensation commission awarded her, for permanent partial disability, $12.50 per week for forty weeks from the date of the accident, which occurred on September 2, 1930. From this award the defendants appealed to the circuit court. From the judgment of the circuit court affirming the award defendants have appealed to this court.

The commission made its award under the provisions of subsection (d) of Section 3320 of the compensation act, as follows:

"As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as 300 times the average daily earnings in such computation."

The commission fixed the plaintiff's average daily earnings at $3.25, and used this as the basis for computing its award of $12.50 per week.

Defendants insist that subsection (d) is not applicable, for the reason that the evidence does not show that it was the custom of the employer to operate its plant throughout the working days of the year, but shows that there were times when the plant did not operate, particularly during the period of two weeks around Christmas, when operations ceased for the purpose of taking an inventory. We think it is sufficient to bring plaintiff within the provisions of subsection (d) if the plant was customarily operated substantially throughout the working days of the year, and the evidence in the record shows that this was done, and there is no evidence to the contrary. In this connection it is significant that, though the employer's cashier and timekeeper testified in behalf of defendants, there was no statement or suggestion in his testimony that the plant did not operate throughout the working days of the year.

Defendants also insist that there is no evidence in the record to show that $3.25 was the plaintiff's average daily earnings. Plaintiff's testimony is to the effect that she was in the employ of defendant Moon Brothers Manufacturing Company for two years immediately preceding the accident; that she was employed as a punch press operator; that a part of the time during the year preceding the accident, she was engaged in the work of putting washers or leathers on rods, for which she was paid at a different rate of pay than for punch press work; that she sometimes did drilling; that part of the time she was doing piece work, and part of the time day work; that she did day work at times for which she received 23 cents an hour, working eight or nine hours a day; that she did punch press work most of the time; that the punch press at which she worked most of the time was on the other side of the factory from the one at which she worked at the time she was injured; that she was unable to say what her daily earnings were when working at the punch press at which she was working when she received her injury; that her average daily earnings when working at the punch press on the other side of the factory amounted to $3.25 per day; that she had been doing that type of work right along for a year previous to the accident; that she worked as much as any of the operators, and worked whenever the plant operated and she was needed; that the work to be done was sort of split up among the employees; that sometimes when there was slackness of work she did not work, although there were some days, such as Fridays and Saturdays, when she worked and other employees did not; that when she was engaged in punch press work she was paid on the piece work basis.

On this evidence the commission found that $3.25 was plaintiff's average daily earnings, and used that figure as a basis for computing her compensation. Defendants contend that the commission

was not warranted in adopting that figure as a basis for computation, but was only warranted in using her average daily earnings when engaged in working at the punch press where she was working at the time she was injured, and that since the evidence does not show her average daily earnings while working at that punch press, there is no basis in the evidence upon which to compute her compensation, and that, therefore, she did not make out a case to warrant the award of the commission. We do not agree that the computation must be based upon the work plaintiff was engaged in at the time of her injury, but it should be based upon the work she was engaged in most of the time, or the work that she was principally or chiefly engaged in. However, since the work she was engaged in at the time she was injured was punch press work, evidently of the same grade as the work she did at the other punch press where she worked most of her time, we think it may be fairly inferred that her average daily earnings at the one punch press were substantially the same as at the other.

Defendants make the further contention, inconsistent with their contention just discussed, that the computation must be based on the plaintiff's average daily earnings for the year previous to her injury, taking into consideration all of the work that she did for her employer of every kind, and that there is no evidence to show what such average daily earnings were. This contention, like the other, is clearly untenable. Plaintiff was employed in the punch press work; she was engaged in that kind of work at the time of her injury; she was engaged in this employment for the full year immediately preceding the accident, though she did not work steadily at it. Her time was at the disposal of her employer. She was never discharged and reemployed during the year, but her employment was continuous. She worked principally at punch press work. The fact that she was at times called upon to engage in, and did engage in, other work for her employer, for a lower wage, should not be taken into consideration in determining her daily earnings, but, as we have said, such daily earnings must be determined by the work which she was principally engaged in and which she was employed to do.

Defendants make the further point that subsection (d) does not authorize the use of 300 times the average daily earnings in computing the annual earnings, except where such annual earnings are not otherwise determinable, and that in the present case plaintiff's annual earnings are otherwise determinable, for the reason that the employer's cashier and timekeeper, testifying on behalf of defendants, produced an adding machine tape with figures on it, which he stated showed plaintiff's earnings for the whole year next preceding her injury. Of course, plaintiff is not bound by this evidence, and defendants do not contend that she is, but they say that

she admitted, in her testimony, the correctness of the figures shown by the adding machine tape. As we read her testimony, she did not make any such admission. We think the effect of her testimony is that she did not know whether the figures were correct or not. Besides, under the facts of this case, what she actually received for the work she did during the year, is not determinative of the annual earnings to be used as a basis for computing her compensation. Plaintiff's situation is peculiar. She was continuously employed as a punch press operator, but did not work at this employment steadily. She occasionally did other work for her employer, for which she received lower wages, and there were times when she did not work at all. But whether she worked or not, and whether she worked as a punch press operator or did different work for a lower wage, she was nevertheless, all the time under employment as a punch press operator, which was the work she was employed to do, and was the employment she was engaged in the principal part of her time. We think, under such circumstances, the plaintiff's capacity to earn, or rather what she could have earned if she had worked steadily in her employment as a punch press operator, during the year preceding the accident, in an industry such as her employer was engaged in, is determinative. If defendant's theory should be adopted, an employee in plaintiff's situation, would never be able to recover compensation except upon such a basis as the employer might see fit to show was her actual earnings during the year preceding the accident.

We think the use by the commission of 300 times the plaintiff's average daily earnings in her employment as a punch press operator is not unwarranted by the evidence.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.;* and *Becker* and *Nipper, JJ.,* concur.